UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PORFIRIO GONZALEZ, :
:
        Petitioner, :
: CIVIL NO. 3:CV-09-361
        v. :
: (JUDGE VANASKIE)
ERIC HOLDER, et. al, :
:
        Respondents. :

MEMORANDUM

April 27, 2009

Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Porfirio Gonzalez, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood). Named as Respondents are United States Attorney General Eric Holder and LSCI-Allenwood Assistant Warden Jerry Martinez.[1] Presently pending is Respondents' motion to dismiss the petition on the basis of mootness. See Dkt. Entry # 5. The motion is unopposed.

Gonzalez states that he was arrested on January 9, 2006 in the State of New York on a

---

[1]The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. Assistant Warden Martinez is Petitioner's custodial official for purposes of § 2242.

charge of criminal possession of a weapon. While confined on that state charge, federal law enforcement officials charged Petitioner with illegal re-entry and lodged a detainer with state officials. Gonzalez was transferred into federal custody on September 26, 2006.

On March 30, 2007, Gonzalez entered a guilty plea in the United States District Court for the Southern District of New York to the illegal re-entry charge and was sentenced to a forty-six (46) month term of imprisonment. He was transferred back into state custody on April 3, 2007. On May 23, 2007, Petitioner was sentenced by the Supreme Court for Bronx County, New York to a one (1) year term of imprisonment which was ordered to run concurrently with the previously imposed federal sentence. See Dkt. Entry # 1, Exhibit A. On that same day, Gonzalez was returned to federal custody, where he has remained.

Petitioner does not challenge the legality of either his underlying state or federal criminal convictions or sentences. Rather, his petition challenges the legality of the Federal Bureau of Prisons' (BOP) computation of Gonzalez's ongoing federal sentence.[2] Specifically, he contends that the BOP erroneously computed his federal sentence as commencing on May 23, 2007, resulting in a projected release date of March 18, 2010. See id., p. 5. This computation was purportedly premised upon the BOP's determination "that the Federal Judge didn't stated [sic] that my sentence was to run concurrently with the state sentence." Id. As relief, Petitioner

---

[2] Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

requests that this Court direct that service of his federal sentence commenced on January 9, 2006 and that "his projected release should be on [sic] May, 2009." Id. at p. 13.

Discussion

Respondents seek dismissal of Gonzalez's petition for writ of habeas corpus as moot. A supporting brief filed by Respondents states that "since Gonzalez filed his petition, the BOP's Designations and Sentence Computations Center ("DSCC") has granted Gonzalez credit for the time he seeks." Dkt. Entry # 6, p. 1. They assert that the federal judge who sentenced Gonzalez approved his request for a retroactive designation that Petitioner's federal sentence be served concurrently with his state sentence. See id. at p. 3. Based upon that determination, as of March 11, 2009, Petitioner has been granted credit against his federal sentence for time served between January 9, 2006 and March 29, 2007. As a result of this re-computation, Gonzalez's federal sentence is deemed to have commenced on March 30, 2007 (the date his federal sentence was imposed) and he is now scheduled to be released on May 14, 2009.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Burkey v. Marberry, 556 F. 3d 142, 147 (3d Cir. 2009). Throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

Simply put, the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). As explained in Burkey in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." Burkey, 556 F. 3d at 147. see also United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002)(petitioner unconditionally released from probation could not maintain challenge to the sentence received for violating the terms of probation); Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

It is undisputed that the BOP's recent recalculation of Gonzalez's federal sentence has granted him credit for time served between January 9, 2006 and March 29, 2007, resulting in a projected release date of May 14, 2009. This is exactly the same relief sought by Gonzalez's pending action. See Dkt. Entry # 1, p. 13. Petitioner has failed to assert or demonstrate any collateral consequences which may be attributable to his instant claim of improper calculation of

his federal sentence. Moreover, it has been recognized that the presumption of collateral consequences does not extend to requests for jail time credit. See Johnson v. Riveland, 855 F.2d 1477 (10th Cir. 1988)(a challenge to the denial of credit against a minimum term of confinement which determined an initial parole eligibility date became moot when the petitioner was paroled). As such, the BOP's re-computation has caused Gonzalez's instant petition to become moot. Respondents' motion to dismiss will be granted. An appropriate Order will enter.

                                             s/ Thomas I. Vanaskie
                                             Thomas I. Vanaskie
                                             United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PORFIRIO GONZALEZ, :
 :
 Petitioner, :
 : CIVIL NO. 3:CV-09-361
 v. :
 : (JUDGE VANASKIE)
ERIC HOLDER, et al., :
 Respondents. :
 :
 :
 :

ORDER

NOW, THEREFORE, THIS 27th DAY OF APRIL, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

       1.    Respondents' motion to dismiss (Dkt. Entry # 5) is GRANTED.

       2.    The petition for writ of habeas corpus is DISMISSED AS MOOT.

       3.    The Clerk of Court is directed to mark this matter CLOSED.

                                       s/ Thomas I. Vanaskie
                                       Thomas I. Vanaskie
                                       United States District Judge